IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                  Criminal No. 11-1867-WJ

JUSTIN GRAY,

    Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE

**THIS MATTER** comes before the Court upon Defendant's *pro se*[1] Motion for a Reduction in Sentence and/or Compassionate Release (**Doc. 48**), the United States' Response (**Doc. 53**), and Defendant's Reply (**Doc. 54**). The Court, having reviewed the pleadings and applicable law, concludes the circumstances presented by Mr. Gray do not rise to the extraordinary and compelling level required by statute. His request for a compassionate release is **DENIED**.

### BACKGROUND

In July 2011, Mr. Gray was indicted (**Doc. 2**) on charges of: (1–3) Distribution and Attempted Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct; (4) Receipt of Visual Depiction of a Minor Engaged in Sexually Explicit Conduct; and (5) Possession of Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), 2256, 2252(a)(4)(B), and 2252(b)(2). A year later, in July 2012, Mr. Gray pleaded guilty (**Doc. 38**).

---

[1] Because Mr. Gray appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading liberally (without, however, assuming the role of advocate). *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.).

This plea agreement was entered pursuant to Rule 11(c)(1)(C)—and the parties agreed to a specific sentence of "22 years (264 months)." **Doc. 38 at 3**. The Court accepted the plea and entered the Judgment (**Doc. 47**) on October 29, 2012.

After having served a little more than half[2] of his sentence, Mr. Gray filed the instant Motion (**Doc. 52**) seeking a compassionate release.

## DISCUSSION

### I. Compassionate Release Legal Standard

As a threshold matter, a prisoner seeking compassionate release must have satisfied § 3582's administrative exhaustion requirement. Then, after reviewing for administrative exhaustion, a district court may grant a motion for compassionate release if three requirements are met: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the Court considers the § 3553(a) factors, to the extent they are applicable. *See United States v. Wesley*, 78 F.4th 1221, 1227 (10th Cir. 2023) (citing *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021)).

Granting a motion for compassionate release requires the district court to "'address all three steps.'" *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quoting *McGee*, 992 F.3d at 1043). But a district court may deny a compassionate release motion based on lack of any of the three prerequisites listed in § 3582(c)(1)(A) without addressing the other prerequisites. *See United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *McGee*, 992 F.3d at 1043).

---

[2] As mentioned, Mr. Gray was sentenced to twenty-two years' imprisonment back in October 2012. It is now July 2024. And according to the Bureau of Prisons ("BOP") inmate locator, Mr. Gray's expected release date is February 8, 2032. *See* BOP Inmate Locator, available at https://www.bop.gov/inmateloc/ (search for Number 63709-051).
  The BOP Inmate Locator also shows that Mr. Gray is housed at FCI Marianna in Florida. *See also* **Doc. 52 at 176** (showing the same), *and* **Doc. 54 at 13**.

**II. Mr. Gray's Request for Compassionate Release**

As explained below, even though Mr. Gray has exhausted his administrative remedies, the Court—in its "substantial discretion"—denies his request for a compassionate release. *Hald*, 8 F.4th at 938 n.4; *see also Wesley*, 78 F.4th at 1228 (noting circuit precedent confirms that district courts have substantial discretion). The seriousness of his underlying convictions, his lack of respect for the law, the need to deter future misconduct, and his post-sentencing conduct weigh against any such release.

**A.** *Exhaustion of administrative rights*

A court may not modify a term of imprisonment unless a Defendant has fully exhausted all administrative rights. 18 U.S.C. § 3582(c)(1)(A); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Here, the Court finds Mr. Gray has satisfactorily exhausted his administrative remedies (**Doc. 52 at 18; Doc. 54 at 12**). Attached with his Motion and Reply, Mr. Gray provided the January 17, 2024, email he sent to the Warden requesting a compassionate release. *Ibid.* More than 30 days have elapsed (as required by statute). 18 U.S.C. § 3582(c)(1)(A). Thus, the merits of his request for compassionate release are ripe for review.

**B.** *Absence of extraordinary and compelling reasons*

Last year the Sentencing Commission updated its policy statement concerning compassionate release. *See United States v. Molina*, 2024 U.S. App. LEXIS 6371, at *3 (10th Cir. Mar. 18, 2024) (unpublished); U.S. SENT'G COMM'N, GUIDELINES MANUAL (Nov. 2023); *cf.* USSG § 1B1.13. There are now six listed categories of extraordinary and compelling reasons. *See* USSG §§ 1B1.13(b)(1)–(6). Generally speaking those categories are: (1) medical circumstances, (2) old age of the Defendant, (3) death or incapacitation in Defendant's family, (4) abuse by a correctional officer, (5) "other reasons" that are "similar in gravity" to the first four, and (6) if a Defendant

received "an unusually long sentence and has served at least 10 years of the term of imprisonment." *Id.* It is through this lens that the Court evaluates Mr. Gray's motion under USSG § 1B1.13(b)(5) and (6). *See* **Doc. 52 at 1–2**.

First, Mr. Gray asserts that "his medical condition" falls under USSG § 1B1.13(b)(5). *See* **Doc. 52 at 2**. He alleges that his "varicose veins, and chronic venous thrombolitis," *id.*, cause severe pain. Mr. Gray explains that he also suffers from "PTSD, Anxiety, and depression." **Doc. 52 at 3**. These ailments are not enough, though—as compassionate release for medical conditions is to be treated as a rare event. *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). Turning to the Sentencing Commission's policy statement for guidance, the Court identifies two categories of medical conditions that fit into the "extraordinary and compelling" category. First, terminal illnesses. USSG § 1B1.13(b)(1)(A). Clearly Mr. Gray does not fit in here. The second category involves "serious" physical or mental conditions. USSG § 1B1.13(b)(1)(B). Although the Court is not minimizing his ailments, Mr. Gray has not shown that he is in such deteriorating physical or mental health to fall into the purview of USSG § 1B1.13(b)(1). Instead, he simply wants "to get better treatment." **Doc. 52 at 5**. Accordingly, the Court does not find that Mr. Gray's medical conditions constitute extraordinary and compelling circumstances.

Next, Mr. Gray cites to his "rehabilitation." **Doc. 52 at 3**. But Congress has made clear that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *McGee*, 992 F.3d at 1043 (cleaned up). Relevant here, of course, is the absence of proof that Mr. Gray has been extraordinarily rehabilitated as proffered. *See* **Doc. 53** (noting repeating disciplinary infractions). Although a court liberally construes this *pro se* filing, it cannot act as Mr. Gray's advocate. *See United States v. Griffin*, 928 F.3d 855, 864 n.1 (10th Cir. 2019). As such, the

Court cannot accurately assess the rehabilitative[3] efforts, if any, due to the failure to provide supporting evidence.

Third, Mr. Gray mentions "PREA"[4] as a basis for release (**Doc. 52 at 3–5**). Certainly "abuse by a correctional officer" falls into the extraordinary and compelling reasons outlined in USSG § 1B1.13(b). Unfortunately, however, the only evidence of a PREA investigation is one perpetrated by Mr. Gray on another inmate. *See* **Doc. 53-3 at 83** (noting on November 9, 2021, Mr. Gray admitted to "touching his cellmate stomach area").

Fourth, Mr. Gray explains the sexual abuse he experienced as a child provides a basis for compassionate release (**Doc. 52 at 3**). The Court is not persuaded. These factors were already considered and included in the Pre-Sentence Report. And the sentence imposed was the result of a Rule 11(c)(1)(C) plea agreement for a specific sentence. As such, his childhood circumstances were already accounted for at the time of sentencing. Plus, in this Court's view, a traumatic upbringing does not rise to the type of "extraordinary and compelling circumstance" that warrants release under USSG § 1B1.13(b)(5). *See, e.g., United States v. De La Torre*, 2024 U.S. App. LEXIS 7440, at *2–3 (7th Cir. Mar. 29, 2024) (unpublished) ("childhood trauma . . . [is] not [an] extraordinary and compelling reasons for release."); *United States v. Coleman*, 2023 U.S. App. LEXIS 12639, at *4–5 (2d Cir. May 23, 2023) (unpublished) (finding that "difficult childhood trauma" did not constitute extraordinary and compelling circumstances).

Finally, Mr. Gray contends that USSG § 1B1.13(b)(6) applies to him—as he has "already served over 13 years [of his sentence]." **Doc. 52 at 6**. But, in this Court's view, his time served does not justify release. The sentence imposed was agreed upon—pursuant to Rule 11(c)(1)(C)—

---

[3] The Court thoroughly reviewed the 176-page filing—and, in so doing, notes that Mr. Gray has completed several "Personal Growth Video Series." **Doc. 52 at 11**. But the vast majority of the filing is comprised of medical records and not rehabilitative efforts, classes, certificates, etc.
[4] PREA is the Prison Rape Elimination Act. *See* 34 U.S.C. §§ 30301, *et. seq.*

so it is perplexing how this can amount to an extraordinary or a compelling reason to now reduce the same sentence. *See United States v. Barrio*, 2022 U.S. App. LEXIS 8106, at *11 (10th Cir. Mar. 28, 2022) (unpublished) (discussing "unusually long" sentences). Additionally, as the United States points out, Mr. Gray "does not meet the other requirements in this sub-section." **Doc. 53 at 6**. An unusually long sentence must be accompanied by "a change in the law." USSG § 1B1.13(b)(6); *see also United States v. Davis*, 2024 U.S. App. LEXIS 9399, at *7–8 (4th Cir. Apr. 18, 2024) (unpublished) (Gregory, J.) (noting "a change in law" is part of the criteria for relief under "an unusually long sentence"); *In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024) (discussing petitioner's theory that "he is serving an unusually long sentence in light of legal developments since his sentencing"); *United States v. Potts*, 2024 U.S. App. LEXIS 8361, at *3 (3d Cir. Apr. 8, 2024) (unpublished) ("Potts failed to show a change in the law that produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time Potts filed his motion.").

But even assuming there was a change in law regarding Mr. Gray's sentencing, there is no "extraordinary and compelling reason" for a sentence reduction because he failed to identify such a change in his pleading (**Doc. 52 at 6**). Further, the Court concludes that his compassionate release for an "unusually long sentence"[5] would be inappropriate in light of the 18 U.S.C. § 3553(a) factors—specifically, the nature and circumstances of his offenses and the need for the sentence imposed to reflect the seriousness of these crimes.

In sum, the Court does not find Mr. Gray presented extraordinary and compelling circumstances to warrant a compassionate release.

---

[5] Mr. Gray cites the Sentencing Commission's 2021 Annual Report to highlight that the average sentence for murder is 244 months (**Doc. 52 at 7**). As explained in the Presentence Report, however, Mr. Gray's offense level was 35 and his criminal history was category V—meaning his 2012 advisory guidelines sentence was 262–327 months. This means his Rule 11 specific sentence was near the very bottom of the correctly calculated advisory guidelines sentence.

### C. *Section 3553(a) factors*

Mr. Gray alleges he has respect for the law, is "less likely to recommitt [sic]," and he poses no threat to the public (**Doc. 52 at 7–8**). The United States disagrees—arguing Mr. Gray has a history of convictions for sex crimes spanning from 1998 until the instant conviction (**Doc. 53 at 10**). The United States also disagrees with Mr. Gray's assertion that he won't reoffend—particularly citing to his conduct while incarcerated. ***Ibid.***

Upon review of the Section 3553(a) factors, the Court agrees with the United States.

First, it is worth noting that a court can "consider the benefits the defendant gained by entering a Type-C agreement when it decides whether a reduction is appropriate." *Hughes v. United States*, 584 U.S. 675, 689 (2018). On this point, the Court need only look to originally agreed upon specific sentence (**Doc. 38 at ¶ 8a**). Absent the Rule 11(c)(1)(C) plea agreement, Mr. Gray would not have received a "three level" reduction. *Id.* **at ¶ 11h** (citing USSG § 3E1.1). These benefits play a role in the Court's decision to deny the requested compassionate release.

Next, the Court is troubled by Mr. Gray's post-sentencing conduct (**Doc. 53 at 2; Doc. 53-2 at 1–2; Doc. 53-3 at 78–79**); *see Bradley*, 97 F.4th at 1217 (finding the district court properly considered Defendant's conduct while incarcerated). He has incurred seven disciplinary infractions while in custody. The most recent violation for possessing sexually explicit materials occurred on October 18, 2023 (**Doc. 53 at 2; Doc. 53-2 at 1–2; Doc. 53-3 at 78–79**). During his time in BOP custody, Mr. Gray has possessed (and attempted to possess) contraband images numerous times. *Id.* These infractions can and should be considered. *See Bradley*, 97 F.4th at 1222–23 (discussing "post-sentencing" behavior in a compassionate release motion); *United States v. Bragg*, 2023 U.S. App. LEXIS 20804, at *3 n.2 (10th Cir. Aug. 10, 2023) (unpublished) (analyzing a prisoner's disciplinary infractions under the § 3553(a) factors). His post-sentencing

conduct further supports the denial of his motion for sentence reduction. 18 U.S.C. §§ 3553(a)(2)(A)–(D).

In much the same way, Mr. Gray's convictions demonstrate he is a danger to the community—and is insufficiently rehabilitating or culling his behavior (**Doc. 53 at 4 & 9–10**). The United States highlights his "lack of self-awareness in light of his numerous and recent violations for possessing prohibited material containing sexually explicit images of children and adolescents." *Id.* **at 9**. The offense of conviction—as well as his post-sentencing conduct—give rise to a public safety concerns. *See* USSG § 1B1.13(a)(2). Having carefully considered the parties' positions and the relevant § 3553(a) factors, the Court believes that a sentence reduction is not warranted here. Mr. Gray's underlying conviction contained numerous aggravating factors.[6] The § 3553(a) factors still support the original sentence, despite Mr. Gray's desire to be released early.

The seriousness of his underlying conviction, his lack of respect for the law, the need to deter future misconduct, and his post-sentencing conduct each weigh against granting Mr. Gray's compassionate release.

### III. Mr. Grey's § 2241 Petition Does Not Warrant Transfer

In his "Memorandum in Support of Motion for reduction of sentence," Mr. Gray states he has not been allowed to take rehabilitation classes (**Doc. 52 at 6 & 8**). This filing is, therefore, also construed as a petition under 28 U.S.C. § 2241 since Mr. Gray is challenging the execution of his sentence (by way of the administration of the prison's sex offender treatment program). *See Dulworth v. Evans*, 442 F.3d 1265, 1267–68 (10th Cir. 2006) (explaining § 2241 applies to

---

[6] These aggravating factors are outlined in the plea agreement (**Doc. 38 at 8**). Specifically, Mr. Gray received increases under his offense level because: (1) the material involved a prepubescent minor who had not attained the age of 12 years, (2) the offense involved sadistic or masochistic conduct, (3) the offense involved a computer, and (4) the offense involved 600 or more images. *See* USSG §§ 2G2.2(b)(2), (b)(4)–(6), and (b)(7)(D).

administrative decisions); *see also Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016); *United States v. Miller*, 594 F.3d 1240, 1241–42 (10th Cir. 2010).[7]

As mentioned above, *see supra* n.2, the prisoner is located outside of the district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[J]urisdiction lies in only one district: the district of confinement."); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (explaining claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined"). Mr. Gray is housed at FCI Marianna in Florida (located within the U.S. District Court for the Northern District of Florida). To the extent Mr. Gray's compassionate release motion (**Doc. 52**) can be construed as a petition for a Writ of Habeas Corpus under § 2241—it must be dismissed without prejudice for a lack of jurisdiction.

Mr. Gray could have discovered this "get[ting] into class" issue as soon as he was sentenced, and the Judgment was entered (**Doc. 47**). There is no allegation that this issue with these classes is new—and may date back anytime over the last twelve years. Thus, the claims are either unexhausted or time barred. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief."). And transferring the case does not cure the jurisdictional defect. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

But even if the Court gives Mr. Gray the benefit of the doubt and adheres to the habeas timeline, Petitioner is too late. Based upon the pleading, the Court concludes Mr. Gray's one year statute of limitations to file his § 2241 motion ran prior to May 2024. *See Walker v. Oklahoma*, 15 F. App'x 689, 691 n.2 (10th Cir. 2001) (unpublished) (explaining § 2241 claims "are still subject

---

[7] Habeas petitions are not civil rights actions where prisoners may litigate allegedly abusive prison conditions. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Any such a challenge—based upon the conditions of confinement—must be brought pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

to a one-year statute of limitations beginning on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (internal citations and quotations omitted)); *see also* **Doc. 52 at 6** (noting Mr. Gray has tried "multiple times" to "get into classes").

## CONCLUSION

The Court finds the circumstances presented by Mr. Gray do not rise to the extraordinary and compelling level for granting a compassionate release. Additionally, the Court's individualized evaluation of the Section 3553(a) factors and the Sentencing Commission's policy statements do not support Mr. Gray's request, either.

**IT IS HEREBY ORDERED** that:

(1) Mr. Gray's Motion for Compassionate Release (**Doc. 52**) is **DENIED**. The sentence imposed (**Doc. 47**) on October 29, 2012, remains in effect.

(2) To the extent Mr. Gray's motion can be construed as raising a habeas claim under § 2241, that motion is **DISMISSED without prejudice** for lack of jurisdiction. The Court will not transfer the § 2241 Petition to the U.S. District Court for the Northern District of Florida because the claim is unexhausted or time barred. A certificate of appealability as to this ruling is **DENIED**.

**IT IS SO ORDERED**.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE